IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY F. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-895-SLR |
| | ) |
| DAVID PIERCE, Warden, | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

Gregory F. Robinson. Pro se petitioner.

Elizabeth R. McFarlan. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

August 14, 2015
Wilmington, Delaware

---

[1]Warden David Pierce replaced former Warden Perry Phelps, an original party to the case. See Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

# I. INTRODUCTION

Petitioner Gregory F. Robinson ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Wilmington, Delaware. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 3) For the reasons that follow, the court will dismiss his application.

# II. BACKGROUND

In October 2008, following a jury trial during which petitioner represented himself with standby counsel, petitioner was found guilty of possession of a deadly weapon by a person prohibited ("PDWBPP"). *See Robinson v. State*, 984 A.2d 1198, 1199-1200 (Del. 2009). The Superior Court sentenced petitioner as a habitual offender to eight years at Level V incarceration, followed by six months at Level III probation. *Id.* at 1201. Petitioner filed a direct appeal and, after appointing counsel, the Delaware Supreme Court affirmed petitioner's conviction and sentence on December 9, 2009. (D.I. 13 at 2); *see also Robinson*, 984 A.2d at 1204.

In October 2010, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 13 at 3) A Superior Court Commissioner issued a Report and Recommendation that the Rule 61 motion be denied in its entirety because some claims were procedurally barred by Rule 61(i)(4) as formerly adjudicated, some claims were barred by Rule 61(i)(3) because they were not raised earlier in petitioner's criminal proceeding, and petitioner's claim that his standby trial counsel and appointed appellate counsel provided ineffective assistance was meritless. (D.I. 16, Commr's. Rep. & Rec. in *State v. Robinson*, RK08-09-0305-01 (Del.

Super. Mar. 30, 2012)). On November 20, 2012, the Delaware Superior Court adopted the Report and Recommendation and denied petitioner's Rule 61 motion in its entirety. (D.I. 16, *State v. Robinson*, ID No. 0710004286B, Order (Del. Super. Nov. 20, 2012)). Petitioner did not appeal that decision. (D.I. 13 at 3; D.I. 16)

In July 2012, while his Rule 61 motion was pending before the Delaware Superior Court, petitioner filed in this court the instant § 2254 application. (D.I. 3) Petitioner filed his AEDPA election form in August 2012, indicating that he wished the court to review the application as presently pending. (D.I. 6) Eight days later, petitioner filed a letter stating that he "planned on amending" his habeas application. (D.I. 7) Petitioner never filed an amendment. On December 20, 2012, the court ordered the State to answer the application. (D.I. 8) The State filed an answer, arguing that the court should deny the application in its entirety because all the claims contained therein are procedurally barred. (D.I. 13)

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal

2

habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); see *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See *Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the

3

errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's application presents the following ten grounds for relief: (1) the police lacked probable cause to arrest him; (2) the evidence used to prosecute him was the product of an illegal search and seizure; (3) the police did not inform him of his *Miranda* rights; (4) the arrest warrant was "erroneous"; (5) stand-by trial counsel and appointed appellate counsel provided ineffective assistance; (6) the trial court erroneously denied his motion to suppress; (7) police officers deprived him of his right to self-representation when they "snatched" him from his seat; (8) there was an insufficient basis for the trial court to declare him a habitual offender; (9) his prosecution was the product of racial

4

profiling; and (10) he was not competent to represent himself and, therefore, was denied his right to counsel when the trial court denied his request for the appointment of new counsel and permitted him to proceed *pro se*.

The record reveals that petitioner did not present any of the instant ten claims to the Delaware Supreme Court on direct appeal. Although petitioner did include all ten of these claims in the Rule 61 motion that the Superior Court denied, he did not appeal the Superior Court's decision to the Delaware Supreme Court. Therefore, petitioner did not exhaust state remedies for any of the claims presented in this proceeding.

At this juncture, petitioner would by time-barred by Delaware Superior Court Criminal Rule 61(i)(1) from presenting these issues to the Delaware state courts in a new Rule 61 motion in order to have an opportunity to appeal any adverse decision to the Delaware Supreme Court.[2] *See* Del. Super. Ct. Crim. R. 61(i)(1)(articulating a one-year filing period for Rule 61 motions). Consequently, all ten claims are procedurally defaulted, meaning that the court cannot review their merits absent a showing of cause and prejudice, or that petitioner is actually innocent.

Petitioner does not assert, and the court cannot discern, any cause for his failure to appeal the Superior Court's denial of his Rule 61 motion and present the instant ten claims. In addition, as independently raised and explained by the State, the narrow exception to the procedural default doctrine as articulated in *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012), does not provide a method of establishing cause for petitioner's

---

[2]Even if petitioner had filed a new Rule 61 motion immediately after the Superior Court denied his Rule 61 motion on November 20, 2012, that motion would have been time-barred because it would have been filed more than one year after his judgment of conviction became final. *See* Del. Super. Ct. R. 61(m)(2)(when a defendant files a direct appeal, his judgment of conviction becomes final for Rule 61 purposes when the Delaware Supreme Court issues a mandate).

default. In *Martinez*, the Supreme Court held that, in cases where state law requires claims of ineffective assistance of counsel to be raised in "an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. The *Martinez* rule does not apply in this case, however, because petitioner represented himself during his trial.[3] (D.I. 13 at 7)

In the absence of cause, the court will not address the issue of prejudice. The court further concludes that petitioner's default should not be excused under the miscarriage of justice exception to the procedural default doctrine, because petitioner has not provided new reliable evidence of his actual innocence. Notably, during his trial, petitioner acknowledged that he was a person prohibited from possessing a deadly weapon, and he also acknowledged that he had used the knife at work and had just returned from work when the police detained him and found the knife in his pocket. As such, petitioner cannot satisfy the threshold standard to establish his actual innocence.

Accordingly, the court will deny claims one through ten as procedurally barred from federal habeas review.

---

[3]The Superior Court appointed an attorney to represent petitioner. A few days before the trial began, petitioner filed a motion for the appointment of new counsel. (D.I. 16, Del. Super. Ct. Crim. Dkt. Entry No. 51); *see Robinson*, 984 A.2d at 1200. The trial court denied the motion, and informed petitioner that he could either be represented by his current attorney or proceed pro se. *See Robinson*, 984 A.2d at 1200. Petitioner elected to represent himself, and the trial court appointed original counsel as standby counsel. *Id.*

### D. Pending Motion

In July 2015, petitioner filed a letter motion seeking representation by counsel. (D.I. 17) Given the court's conclusion that it must deny the pending application in its entirety, the court will deny the motion as moot.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. See 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.